UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BENVIN and DENISE BENVIN,

Case No. 24-13424

      Plaintiffs,

Hon. F. Kay Behm
United States District Judge

v.

THE CITY OF INKSTER and WILLIAM GARRETT,

      Defendants.

_____ /

## OPINION AND ORDER ON PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE (ECF Nos. 12, 13)

## I.    SUMMARY

Before the court are Plaintiffs' motions for the court to enter default judgment for failure to defend and to hold a hearing to determine damages.

The court finds that oral argument will not aid the court in its decision pursuant to E.D. Mich. LR 7.1(f)(2), and **DENIES** the motions **WITHOUT PREJUDICE**. The court also **ORDERS** Plaintiffs to **SHOW CAUSE** within fourteen days why their federal causes of action should not be dismissed for failure to state a claim and the remaining state law claims dismissed for lack of jurisdiction.

1

## II.   FACTUAL BACKGROUND

Plaintiffs allege that William Garrett moved into the home next to Plaintiffs' home sometime in 2011.  From 2020 to the present, Garrett allegedly "proceeded in a course of conduct to harass, intimidate, and disturb the quiet enjoyment of the Plaintiffs."  ECF No. 1, PageID.3. Specifically, "William Garrett has accused the Plaintiff, Peter Benvin, of being a racist[.]"  *Id.*  Plaintiffs allege they complained to the mayor, the police chief, and various other law enforcement officers, but no action was taken.  Plaintiffs also allege property damage from a thrown firework.  *Id.* at PageID.4.

They allege violations of 42 U.S.C. § 3617 (prohibiting interference, coercion, or intimidation of a person exercising their rights under certain housing laws), 42 U.S.C. § 1983, equal protection violations under both the Michigan and federal Constitutions, and violation of Mich. Comp. Laws § 750.147b (ethnic intimidation).

Neither Defendant has appeared in this action, though Plaintiffs filed documents showing the parties were allegedly served.  ECF Nos. 3, 4.  Entries of default were entered by the Clerk on May 5, 2025.  ECF Nos. 9, 10.

## III.   ANALYSIS

2

Entry of default only admits well-pleaded factual allegations, not legal conclusions.  "Even after default," the court must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 2688.1 (4th ed. 2022).  "In other words, the complaint must be able to survive a Rule 12(b)(6) motion to dismiss."  *Howard v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 U.S. Dist. LEXIS 45175, at *9 (E.D. Mich. Mar. 16, 2020).

The court does not find that any of Plaintiffs' federal causes of action manage to state a claim, even under the lenient plausibility standard under Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  First, their § 1983 claims (which also encompass their federal constitutional claims) are brought only against the City.[1]  But those claims are devoid of support in the complaint, and their bare motions for default judgment make no attempt to develop their argument.  Plaintiffs allege that the "City of Inkster is not immune from liability

---

[1] Plaintiffs do not claim – and could not credibly claim on these facts – that William Garrett, their neighbor, is somehow a state actor liable under § 1983.

3

based in part on the fact that failure of the City to enforce the City

Ordinances amounted to gross negligence . . . ."  That is not the

standard for municipal liability under § 1983.  *See Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658 (1978).  Nor do Plaintiffs attempt to explain

how "the failure by the City Attorney to enforce the City of Inkster

ordinances" would establish a constitutional violation, even assuming

that they could somehow meet the remaining *Monell* requirements.  *See*

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197

(1989) ("the Due Process Clause imposes no affirmative obligation on

the State to provide the general public with adequate protective

services"); *id.* at 195 ("nothing in the language of the Due Process

Clause itself requires the State to protect the life, liberty, and property

of its citizens against invasion by private actors"); *Town of Castle Rock*

*v. Gonzales*, 545 U.S. 748, 756 (2005) ("a benefit is not a protected

entitlement if government officials may grant or deny it in their

discretion.").[2]  These being the only federal claims against the City,

Plaintiffs have failed to state a federal claim against the City of Inkster.

---

[2] Although Plaintiffs style this as an "equal protection" class-of-one claim rather than a due process claim, they do not identify any similarly situated individuals who were treated differently or a lack of rational basis for the action.

That leaves only their claims against William Garrett, brought under 42 U.S.C. § 3617 (which prohibits interference, coercion, or intimidation of a person exercising certain rights under the Fair Housing Act). These claims are utterly deficient on the face of the complaint, because the allegations under those counts reference nonparties to this case (who are likely misprints, because they are not even alleged to be part of the events in this case). *See* ECF No. 1, PageID.6-7. But for the sake of dealing expeditiously with these claims, even if the complaint correctly listed "William Garrett" as the person liable for violations of that Act, the complaint alleges the following: Garrett called Benvin "white trash," shouted other (nonspecific) "racial slurs," and played "music in a loud manner at all hours of the day." ECF No. 1, PageID.7-8. Plaintiffs make no effort to explain how these constitute a violation of a specific provision of 42 U.S.C. § 3617, or which provision that might be. *See Egan v. Schmock*, 93 F. Supp. 2d 1090, 1092 (N.D. Cal. 2000) (the specific provisions § 3617 refers to protect "a right to be free from discrimination in the *sale or rental* of

---

For example, they have alleged no facts to explain why representatives of the City could not rationally decide to not take any action in this dispute over a few comments between neighbors.

real property") (emphasis added).  Admittedly, some courts have tended to read § 3617 more broadly to encompass harassing conduct of a severe nature.  *See Egan v. Schmock*, 93 F. Supp. 2d 1090, 1093 (N.D. Cal. 2000) ("a few courts have applied § 3617 to violent or threatening conduct designed to drive individuals out of their homes").  More recently, 24 C.F.R. § 100.4009(b), which interprets § 3617 and went into effect in 2016, provides in relevant part that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or *on account of that person having exercised or enjoyed*, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this part."  *David v. Whittaker*, No. 3:24-CV-699, 2024 U.S. Dist. LEXIS 189362, at *14 (N.D.N.Y. Oct. 17, 2024) (emphasis added). In interpreting that language, some courts have recognized a claim for "hostile housing environment" under § 3617, but still have required that the conduct complained of be "sufficiently pervasive and severe" to establish liability.  *Id.*; *see also Ohana v. 180 Prospect Place Realty Corp.*, 996 F. Supp. 238, 243 (E.D.N.Y. 1998) (noting that § 3617 does not provide "a federal judicial forum for the resolution of disputes amongst neighbors"); *United States v. Weisz*, 914 F. Supp. 1050, 1054

(S.D.N.Y. 1996) ("to bring a claim within § 3617, a plaintiff must allege conduct on the part of a defendant which in some way or other implicates the concerns expressed by Congress in the FHA.  If it were otherwise, the FHA would federalize any dispute involving residences and people who live in them"); *Harris v. Cooley*, No. 19-4029, 2020 U.S. App. LEXIS 16735, at *8 (6th Cir. May 26, 2020) ("To make out a *prima facie* case under § 3617, a plaintiff must allege facts showing more than 'a quarrel among neighbors.'") (internal quote omitted); *Taal v. Zwirner*, No. CIV. 02-131-M, 2004 WL 556709, at *8 (D.N.H. Mar. 22, 2004), *aff'd*, 117 F. App'x 775 (1st Cir. 2005) (noting that such claims also implicate balancing, to some extent, the claim of harassing conduct with the First Amendment rights of the defendants).

Plaintiffs' allegations of a "campaign of racially motivated harassment" are generally vague and conclusory.  Although Plaintiffs accuse Garrett of "racial slurs" and "constant harassment," the only specific details provided are 1) Garrett calling Benvin a "racist," 2) calling Benvin "white trash," and 3) saying he (Garrett) was "tired of his white ass," at unspecified times between 2020 and the present.  ECF No. 1, PageID.3.  Needless to say, these three comments spread over five years are insufficient to establish liability within the meaning of

7

the Fair Housing Act, and thus Plaintiffs have also failed to state a claim under federal law against Garrett.

## IV.  CONCLUSION

Because the court finds that Plaintiffs have not alleged sufficient facts to prove Defendants' liability on their federal claims, the court declines to exercise supplemental jurisdiction over the state law claims or consider the merits of those claims.  The court **DENIES** Plaintiffs' Motions for Default Judgment **WITHOUT PREJUDICE.**

Given the apparent lack of a legal or factual basis for Plaintiffs' federal claims on the face of their complaint, Plaintiffs are **ORDERED** to **SHOW CAUSE**, within fourteen days of entry of this order, why their federal causes of action should not be dismissed for failure to state a claim and their state law claims dismissed for lack of jurisdiction.

Finally, the court is not convinced that service was properly effectuated as to the City of Inkster.  *See* ECF No. 3, PageID.19.  It is therefore **FURTHER ORDERED** that Plaintiffs' response to the show cause order include an explanation, citing relevant authority, how service of process on the deputy clerk was sufficient under Fed. R. Civ. P. 4(j)(2) and/or Mich. Ct. R. 2.105(G).

**SO ORDERED**.

Date: June 12, 2025                    <u>s/F. Kay Behm</u>
                                        F. Kay Behm
                                        United States District Judge